## NIBLETT *v.* SCOTT.

After a case has been submitted on the merits, it is too late for the appellee to contest the
correctness of the certificate of the clerk that the transcript contains all the evidence offer-
ed on the trial. The objection cannot be considered after the implied acquiescence of the
appellee in the correctness of the certificate.

A judgment rendered by a Circuit Court of the United States in another State, cannot be
treated as a foreign judgment. It is entitled to the same respect, and must have the same
effect, as though rendered by a state court of that State, of competent jurisdiction.

Where a defendant, who has been personally cited in an action, fails to appear, personally
or by counsel, and neglects to set up grounds of defence then existing, it is his own *laches*,
and he cannot be relieved from its effects.

APPEAL from the District Court of Madison, *Selby*, J. *Stockton* and *Steele*,
for the plaintiff. *Thomas* and *Snyder*, for the appellant. The judgment
of the court *(King*, J. absent,) was pronounced by

SLIDELL, J. The plaintiff sues upon a judgment rendered in his favor
against *Scott*, in the Circuit Court of the United States for the Southern District
of Mississippi, and avers that, by the laws of the State of Mississippi in force
at the rendition of said judgment, he is entitled to interest on its amount, at the
rate of eight per cent per annum from the day of its rendition. He had judg-
ment in his favor accordingly in the court below.

The clerk's certificate states that the transcript contains all the evidence adduced at the trial. The judgment of the Circuit Court of the United States is silent as to interest after its rendition, and the transcript exhibits no evidence to prove the law of Mississippi to be as alleged in the petition. As our own law would not give such interest, we must necessarily reverse the judgment of the District Court.

In a supplemental brief presented by the plaintiff's counsel, after the cause had been submitted upon the merits, the clerk's certificate that the transcript contains all the evidence is impeached; and it is argued that the certificate should be disregarded, because it does not appear that the clerk had been required to. note the testimony at the trial. The objection cannot be considered after the implied acquiescence of the plaintiff in the correctness of the certificate.

To facilitate the future trial, we will express our opinion as to the effect of the judgment upon which the suit is brought, and which is attacked by the defendant in his answer. Among other matters, he pleads that he never employed counsel for the purpose of defending the suit in the United States Court; that the note upon which said judgment was obtained was given in consideration of a loan of .bank notes of various banking corporations of the State of Mississippi, which notes were not worth at the time of the loan over seventy five cents on the dollar; that so the consideration of the notes was usurious, and, by the laws of Mississippi, all usurious contracts are prohibited from bearing interest; that the respondent, never having employed counsel to defend the suit, is not estopped from pleading any and all defences against this action that he could plead were this suit instituted upon the original note. This plea was accompanied by an affidavit that he had not employed the attorney. It appears from the examplification of the record of the United States Court that, the suit was upon the defendant's note, bearing six per cent interest from its date; that the defendant was duly summoned in that suit, in April, 1840, by a summons commanding him to appear in May, 1840; and that, a plea of the general issue having been filed by persons purporting to be his attornies, the cause was tried, in November, 1841.

A judgment rendered by a Circuit Court of the United States, is not to be treated as a foreign judgment. *Barney* v, *Patterson*, 6 H. & J. 182. It is entitled to as high respect here, as though it had been rendered in a state court in Mississippi, of competent jurisdiction. We consider ourselves bound to give this judgment the same effect that it would have before a Circuit Court of the United States, or, before a state court in that State. In this case, the defendant was personally summoned, and brought under the jurisdiction of the court, and if he did not appear and set up the grounds of defence which he now alleges, it was his own *laches*. A court of chancery would not relieve him after verdict and judgment at law, where it was in his power to defend himself at law, and he neglected to do so.

It is therefore decreed that the judgment of the court below be reversed, and that this cause be remanded for a new trial, the plaintiff paying the costs of this appeal.