ALBERT CAGE AND HENRY HAYS, EXECUTORS OF ROBERT H CAGE, DECEASED, *v.* ALEXANDER A. CASSIDY, WILLIAM E. DOUGLASS, AND WILLIAM H. HALL, CITIZENS OF THE STATE OF TENNESSEE, AND RICHARD GRIFFITH, MARSHAL OF THE SOUTHERN DISTRICT OF MISSISSIPPI.

Where the surety upon an administration bond was sued, and judgment recovered against him in Mississippi, and a court in Tennessee (where the principals upon the bond resided) decided that but a small amount was due by the administrators upon their account, and that the judgment against the surety had been obtained in defiance of an injunction issued by the Tennessee court, and also by fraudulent representations made to the surety, and it was admitted that the decree in Tennessee was supported by the proofs, the surety was entitled to relief by the court in Mississippi, and the creditor must be perpetually enjoined from proceeding upon his judgment.

THIS was an appeal from the Circuit Court of the United States for the southern district of Mississippi.

It was a bill filed by Robert H. Cage, in his lifetime, to stay execution on a forthcoming bond under the circumstances stated in the opinion of the court.

The Circuit Court granted a temporary injunction in the outset of the case, but upon the final decree adjudged that the injunction be dissolved, and that Cassidy be permitted to sue out executions at law upon the judgments of the court, then restrained by injunction.

From this decree the complainant appealed to this court.

It was argued by *Mr. Brent* and *Mr. Phelps* for the appellant, and *Mr. Bradley* and *Mr. McCalla* for the appellee.

The principal point in the case being the effect of the Tennessee judgment, the argument upon that point only will be noted in this report.

The counsel for the appellant noticed this point as follows.

It further appears, that while the case was pending in the Tennessee State court, having competent jurisdiction thereof, for the purpose of abating and avoiding the note, and in defiance of the injunction of that court, Cassidy instituted a suit

in the Circuit Court of the United States for the State of Mississippi against Cage, and recovered judgment on this very note, which was in litigation between the parties in Tennessee, notwithstanding the effort of Cage to defend himself in the premises, when sued at law.

The pending of that suit in Tennessee constituted no legal defence to the suit brought in the United States court on this note, but it is available only in equity, especially now, (as shown by Cage's supplemental bill and the concession of the truth thereof,) that the Tennessee court has finally decreed the abatement of the amount of the note, and the fraud of Cassidy in obtaining the antecedent judgments on which that note was predicated, and which in fact constituted its only consideration.

It is rather inconsistent for the court to have overruled a demurrer to this supplemental bill, and afterwards to have dismissed the same bill when all its allegations were admitted except the one of fraud.

It certainly is inconsistent, unless fraud was the material inquiry, and even in that event the court had the conclusive evidence of this very fraud in the explicit ruling of the Tennessee court in its final decree, as shown in the admission of facts.

The Tennessee court therefore had jurisdiction; and if so, there can be no judicial inspection behind the decree, except by appellate power.

Grignon *v.* Astor, 2 How., 341.

10 Peters, 449; 2 H. and G., 42.

6 H. and J., 182; 4 H. and J., 394.

The true test of jurisdiction is, whether a demurrer would lie to Cage's bill in Tennessee.

Tomlinson *v.* McKay, 5 Gill, 256.

Even if this were a case of concurrent jurisdiction, the court first having cognizance has exclusive jurisdiction.

1. Md. Ch. Rep., 351, 295.

2 Md. Ch. Rep., 42; 7 Gill, 446.

Under the Constitution, that decree is just as conclusive in Mississippi as in Tennessee.

7. Cranch, 481; 3 Wheat., 234.

6 Wheat., 129; 13 Peters, 312.

5 G. and J., 500; 3 Gill, 51.

A recovery on same cause of action in a sister State, *pendente lite*, may be pleaded against further maintenance of suit, though this suit brought first.

7 Gill, 426.

Defendant at law, after judgment, may enjoin judgment on grounds not known or not available at trial in court of law.

Gott *v.* Caw., 6 G. and J., 309.

12 G. and J., 365.

Surely the abatement or cancellation of that note and its injunction from suit on grounds of mistake, or fraud, or failure of consideration, was a mere personal demand against Cassidy, and to be enforced anywhere he was found, on familiar principles of equity.

15 Peters, 233; 1 Wheat., 440.

1 Peters, 1; 4 Cranch, 306.

Here it is conceded that the Tennessee decree establishing fraud in Cassidy, throughout, was supported by evidence.

3 Peters, 210.

And fraud vacates the judgment as against the party.

Simms *v.* Slocum, 3 Cranch, 300.

Even after judgment on a note, the defendant may enjoin on ground of fraud in obtaining the note.

4 Peters, 210; 11 Peters, 63.

Jurisdiction once attaching, the court, to do complete justice, decides even a legal claim.

5 Peters, 264; 12 Peters, 178.

At law, the failure of consideration in a note must be total, and here it was partial, as conceded.

2 Wheat., 13.

Even if the note of Cage had been given to Cassidy, in his character of administrator, it was his mere personal chose in action, and his title of administrator would have been surplusage.

Graham *v.* Fahnestock, 5 Gill, 215.

The counsel for the appellee made the following points:

The following points and authorities will present to this court the grounds on which the defendants rely to show that the decree of the Circuit Court, refusing the jurisdiction and dismissing the bill ought to be affirmed.

It is conceded that Cage is a citizen of Mississippi, and Cassidy of Kentucky.

I. The decree of the Probate Court, ascertaining the amount due by the administration, remains unreversed.

That court had exclusive and conclusive jurisdiction over the subject matter of controversy.

Gildart v. Starke, 1 How. Miss., 450.

Griffith v. Vertner, 5 How. Miss., 736.

Provided the proper parties were before them, or due notice was given.

Hall, &c., v. Cassiday, 25 Miss., 48.

II. The court in Tennessee had no jurisdiction to settle the accounts of administrators deriving their authority from the State of Mississippi.

Vaughn v. Northup, 15 Pet., 1.

Bell v. Suddeth, 2 S. M., 532.

And the appearance of Cassidy could not give them jurisdiction, whether he had admitted or denied it.

There was no fraud charged, nor any contract or agreement set up in the Tennessee bill, which gave that court jurisdiction over Cassidy, so as to prevent his proceeding in the Federal court in Mississippi to coerce the payment of this note.

The Circuit Court in Mississippi had exclusive jurisdiction over that question, and was open to the complainant, Cage.

McKim v. Voorhees, 7 Cranch, 297.

III. The reversal of the decree of distribution in the Probate Court neither satisfies the equity between these parties, nor destroys the consideration which was the foundation of that note, because the amount ascertained by the only competent authority to be due, still stands a judgment, and, in the absence of creditors, belongs to the distributees of the estate; and

The note was given by Cage, with full knowledge or the circumstances, and when he might have resorted to his pres-

ent application for relief, when he might have convened the parties in the Probate Court of Madison county, and have had the decree on the account opened, if there was jurisdiction to do so.

But there was no such jurisdiction, either in that court or in a court of equity.

Hendricks *v.* Huddleston, 5 S. and M., 422, 426.

Turnbull *v.* Endicott, 3 S. and M., 302.

Griffith *v.* Vertner, 5 How., 736.

The settlement of that account is final and conclusive.

IV. If Cassidy procured the decree for account by fraud, or especially if the consideration on which the note was given was fraudulent, and the note was given on false and fraudulent representations of Cassidy, these defences would have been good defences in the suit at law on the note. They were not set up. Cage therefore has, by his own laches, lost his equity, if he had any.

Nor does the pendency of the suit in equity in Tennessee excuse his neglect, for that was no bar to the recovery of Cassidy on the note in his suit in the Circuit Court.

There is no equity in the bill, and no error in the dismissal of it.

Mr. Justice CAMPBELL delivered the opinion of the court.

R. H. Cage, the testator of the appellants, filed his bill in the Circuit Court, to be relieved from a judgment rendered there in favor of the appellee, (A. A. Cassidy,) in November, 1852.

The pleadings and proofs contained in the record disclose that the testator, in 1841, became surety to the Probate Court of Madison county, Mississippi, for William Douglass and William Hall, on their bond, as administrators of the estate of Henry L. Douglass, deceased. In 1848, their letters of administration were revoked; and Cassidy, the husband of Mary Douglass, the widow of Henry L. Douglass, and the guardian of Henrietta Douglass, their only child, was appointed administrator *de bonis non.*

In 1849, the Probate Court cited the administrators to ac-

count, and upon their non-appearance rendered a decree against them. for $6,822.87, and subsequently ordered, that payment should be made to Cassidy and wife and Henrietta Douglass—one moiety to each, being their legal share; and in default of payment authorized a suit on the administration bond. In 1850, suits were instituted on the bond against . Cage, the surety, in the Circuit Court, by Cassidy and Henrietta Douglass; but no suit was commenced against the principals, who resided in Tennessee. Judgments were rendered in 1851 against Cage, for the amount of the decree; and these were settled by his giving a note to Cassidy for their amount, payable one year after date, and by paying the costs.

During the year 1851, Cage visited Tennessee, with a view to have a settlement between Douglass and Hall, his principals, and Cassidy, and to obtain an indemnity from those who had induced him to sign their bond. His negotiations were unproductive; and he filed a bill in the Court of Chancery, in Sumner county, Tennessee, to which Cassidy and wife, Henrietta Douglass, and Douglass and Hall, and others, were made parties.

In this bill he stated his relation as surety, and his legal claim to be exonerated from his obligation, and from his impending danger of loss. He insisted that his creditors, the distributees, and his principals, the administrators, should adjust their accounts, and that the balance should be settled. He charged that he had not made defence against the judgments in Mississippi, because the defendant, Cassidy, had assured him that he was not to be vexed or injured, and the suit was simply to serve as an instrument to bring his absent principles to a fair settlement. He charges that the account stated in the Probate Court was erroneous, within the knowledge of Cassidy, who had procured it, and that the balance was subject to credits that he knew to be just. He obtained an injunction against Cassidy, requiring him not to transfer his note or to commence any suit upon it pending the injunction.

The several defendants answered the bill; and in 1854 the cause came on for a hearing upon pleadings, proofs, orders, and a report upon the administration accounts.

Before this time the administrators had obtained a writ of error upon the judgment rendered in the Probate Court; and in January, 1853, this judgment was annulled by the Court of Errors and Appeals of Mississippi.

The defendant, Cassidy, in 1852, notwithstanding the injunction in Tennessee, commenced a suit upon the note of the surety, (Cage,) in the Circuit Court, and in November, 1852, recovered a judgment for the full amount, and sued out execution for its collection. Thereupon Cage filed the bill for injunction and relief with which the proceedings in the cause before this court were commenced.

In this bill he charges that the account as stated in the Probate Court is unjust. That Cassidy was aware of the injustice of the charges when they were made. That he had quieted the mind of the plaintiff, by assurances that he meditated no harm to him; but merely expected to bring the administrators to a fair settlement by that course, and only expected to hold the claim against him for that purpose. He specifies the errors in the account, and the efforts he had made to bring the parties to a settlement, and the pendency of his suit in Tennessee. Cassidy answered the bill, taking issue upon some of the material averments.

Thus the cause stood when the Court of Chancery in Sumner county, Tennessee, rendered its final decree in 1854. The court declared that the settlement in the Probate Court, the judgments in the Circuit Court on the bond, and the execution of the promissory note by Cage in liquidation, were superinduced by the promises and assurances of Cassidy to Cage, that he was not to be held personally, but they were to be used to bring the principals to a fair accounting. That Cassidy knew that the statement of the account in the Probate Court was erroneous, and unjust to the administrators, and that the recovery of the judgment on the note of Cage was a breach of the injunction, and a fraud upon him.

The court finds, that instead of a debt of $6,822.87, as reported against the administrators in 1849, there was only due the sum of $850.37. It charges against this sum the costs paid by Cage in the litigation to which he has been subjected,

and required the remainder to be paid into court; and thereupon entered a decree against Cassidy, enjoining him from proceeding further upon the judgment in the Circuit Court on the note.

This decree was presented to the Circuit Court in Mississippi, in suitable pleadings, and was considered by that court under a stipulation of the solicitors of the respective parties to this effect: "It is admitted that proof before the Chancery Court of Tennessee was sufficient to establish the state of accounts of Hall and Douglass, as administrators of H. L. Douglass, in Mississippi and Tennessee, as decreed by the chancellor in the Tennessee case, filed in this cause as an exhibit. This agreement is made, in order to dispense with obtaining a copy of the proof before the Chancery Court of Tennessee, or retaking the depositions of the witnesses. In other words, all that is intended to be admitted hereby, and that is admitted, that the decree of said Chancery Court was supported by the proof."

Upon the hearing in the Circuit Court, that court determined that the injunction which had been granted in the preliminary stage of this cause was improvidently allowed, and that the bill must be dismissed. From this decree this appeal is taken.

The natural limit of the obligation of a surety is to be found in the obligation of the principal; and when that is extinguished, the surety is in general liberated. In some codes, the obligation of a surety cannot extend beyond or exist under conditions more onerous than that of his principal. The obligation of the administrators, Douglass and Hall, has been ascertained by the decree of the Court of Chancery in Tennessee, upon proof, conceded to be sufficient, and has been fully discharged by its order. Notwithstanding this, the appellee (Cassidy) seeks to enforce a judgment for nearly ten times the amount of the debt found to be due in that decree, and now discharged. It is apparent that the effort is unconscionable, and can only be allowed under the influence of some inflexible and imperious rule of the court, that deprives the appellants of any title to its interposition. But the Court

of Chancery of Tennessee, upon sufficient proof, has declared that the surety had been "lulled into security" by the delusive promises of his creditor, and that he has been the victim of artifice an . circumvention; that the judgment against him was obtained in contempt of the injunction of the court, and that the assertion of any right under it would be fraudulent. This decree remains in full force and effect.

These circumstances furnish additional motives for the intervention of the equitable powers of the court for the relief of the appellants.

It is the opinion of this court, that the decree of the Circuit Court is erroneous, and must be reversed. The cause is remanded, with directions to the Circuit Court to enter a decree perpetuating the injunction.