## SARASOTA COUNTY, FLA., v. AMERICAN SURETY CO. OF NEW YORK.
### No. 6912.

Circuit Court of Appeals, Fifth Circuit.
Jan. 27, 1934.

Winder H. Surrency, of Sarasota, Fla., and J. V. Keen, of Tallahassee, Fla., for appellant.

John F. Burket, of Sarasota, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The American Surety Company, a New York corporation, sued Sarasota county, a county in Florida, for money had and received under circumstances set forth at length in its declaration. The county demurred on the ground that it was not suable in the federal District Court; and, its demurrer having been overruled, filed a plea, in which it did not deny, and therefore admitted, the facts as alleged by the surety company, but in which it set out a state of facts in confession and avoidance. On the surety's motion, the District Judge struck this plea as being "frivolous and without merit," on the same ground denied leave to file an amended plea, and entered judgment by default. Final judgment was later entered upon the default; the parties waiving a jury. The case as thus made by the declaration, and uncontroverted by any plea filed or tendered, is this: Appellee on August 9, 1927, became surety on the bond of its principal, the American National Bank of Sarasota, in the sum of $10,000, to secure the public deposits of the county in the bank. The condition of the bond was that the bank "safely keep, account for and pay over on demand by the proper authorities

all money, principal and interest that may come into the custody or control" of the bank by virtue of its acting as a depository for the county. The bank failed on May 15, 1928, having on deposit to the credit of the county $11,939.23 over and above the amount realized by the county on the sale of other collateral security put up by the bank. On October 25, 1928, the receiver of the bank appeared before the board of county commissioners and offered to pay that amount in full settlement of the balance due by it to the county, and the board adopted a resolution accepting the offer, and providing that, upon receipt of payment, the bank and appellee as surety should be released from all liability in connection with the county's deposit and the $10,000 bond. On November 7 the receiver paid the county the balance of $11,939.23 pursuant to the resolution of the board of county commissioners. Before this settlement was made, the county had made demand upon the surety for the payment of the $10,000 secured by the depository bond; and on October 24, 1928, the surety forwarded to the county its check for that amount. On November 26 the county cashed that check; and on January 31, 1929, returned to the surety $4,572.82, after the acceptance of which the surety learned for the first time of the settlement between the receiver of the bank and the county. The judgment was for $5,427.18, the difference between the amount so returned and that received upon the surety's check. The county alleged in its plea, which was stricken, that: The $5,427.18, which it had deducted from the surety's check, was the amount of its check on the bank which on May 10, 1928, it had drawn in favor of one Hillyer, in settlement for construction work upon a county bridge; that on May 12 Hillyer deposited the county's check in a bank in Jacksonville, which was presented in due course on May 14 to the Sarasota bank for payment. On May 15 the Sarasota bank forwarded its draft to the Jacksonville bank in payment, but the draft was not paid because of the Sarasota bank's failure on the same day. Subsequently, though the dates are not given, Hillyer and the Jacksonville bank released the receiver of the Sarasota bank from liability on the county's check to Hillyer. On January 4 the county, in acknowledgment of its liability to Hillyer, as it was authorized to do by a resolution of the board of county commissioners, accepted the receiver's certificate, paid Hillyer $5,427.18 out of the surety's check for $10,000, remitted the balance to the surety, and assigned to the surety the receiver's certificate, which the surety accepted and

has ever since retained. The release of the bank and the surety pursuant to the resolution of October 25, 1928, was partial only, and was not intended to affect Hillyer's claim against the county. The amended plea, leave to file which was denied, was not in substance different from the plea that was stricken, except that it alleged, in addition, the insolvency of the bank on and after the date of the county's first check to Hillyer.

A county in Florida is suable for its debts. Comp. Gen. Laws Fla. 1927, § 2202; Payne v. Washington County, 25 Fla. 798, 6 So. 881; Dade County v. City of Miami, 77 Fla. 786, 82 So. 354. Suits which under the law of a state can be maintained in the state courts may also be maintained by original process in a federal court where, as here, the jurisdictional amount is involved and the plaintiff is a citizen of another state. Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546. It appears without dispute that Sarasota county, for a valuable consideration, unconditionally released both the bank and the surety from liability on the depository bond. If, as is asserted by the pleas, the resolution was intended to release the county only, nevertheless the surety would be discharged, because a surety cannot recover over against a principal who has been discharged by his creditor. Cage's Executors v. Cassidy, 23 How. 109, 116, 16 L. Ed. 430; Trotter v. Strong, 63 Ill. 272; Brandt on Suretyship and Guaranty, vol. 1, § 164. The pleas do not allege that the release was executed under a mistake of fact, or that the county at the time of adoption of the resolution was ignorant of Hillyer's claim. They are entirely consistent with the inferences that the county, before the release was executed, had assumed payment of that claim, and, after it received the surety's check, sought to discharge its own obligation at the surety's expense. It was not alleged by the county that the surety had knowledge of the pending settlement when pursuant to demand it sent its check for the full amount of the bond; and so no question of waiver arises. For all that appears, the county had knowledge of the bank's insolvency before the settlement. The surety was not estopped to bring its suit merely because it received from the county, and retained in its possession, the receiver's certificate assigned and sent to it by the county, since it does not appear that the surety asserted any right under that certificate by collecting dividends or otherwise. The stricken plea was not only insufficient, and hence subject to demurrer; it failed to set up even inartificially any valid defense. It was whol-

ly irrelevant, and therefore the order striking it was not, in our opinion, erroneous. Ray v. Williams, 55 Fla. 723, 46 So. 158; Batchelder v. Prestman, 103 Fla. 852, 138 So. 473. If, however, instead of moving to strike, appellee should have demurred, the error in procedure was merely technical, and would not justify a reversal. 28 USCA § 391. The plea which under the ruling of the District Court was not allowed to be filed is, as has been already said, no better than the plea which was stricken.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.