In the Matter of the Application of OSCAR VATET and MT. PLEASANT BANK AND TRUST COMPANY, Respondent, against THE SCARBOROUGH SCHOOL, Appellant, for an Order Requiring Said Defendant to Submit Certain Differences between the Parties to Arbitration.* — Order directing that the issue as to the existence of a contract between plaintiff Vatet and the defendant, The Scarborough School, be referred to the Special Term for trial, and the order thereafter entered upon a decision affirming the validity and enforcibility of the agreement for arbitration entered into by plaintiff Vatet and the defendant, The Scarborough School, and directing the defendant to proceed to arbitration pursuant to said contract, unanimously affirmed, without costs.   Order denying the defendant's motion to dismiss the petition in so far as the Mt. Pleasant Bank and Trust Company is concerned and to strike out the Mt. Pleasant Bank and Trust Company as a party plaintiff reversed on the law and the facts, without costs, and the motion granted, without costs.   The appeal from the order preceding the last mentioned order, which denied defendant's motion to strike the name of the Mt. Pleasant Bank and

* Motion to dismiss appeal denied, 264 N. Y. 703.

Trust Company from the petition and dismiss the petition, but which permitted the plaintiff to serve an amended petition, is dismissed, without costs. The Mt. Pleasant Bank and Trust Company is not a proper party to this action. The Arbitration Law (Art. 2, § 2) provides that " A provision in a written contract to settle by arbitration a controversy thereafter arising *between the parties* to the contract * * * shall be valid, enforcible and irrevocable." The bank is not a party to the contract and was brought in by plaintiff Vatet by reason of the allegation in the amended petition that Vatet assigned to it " an interest in the proceeds of the said contract." It is clear that the purpose of making the bank a party is to secure to it whatever rights it may have acquired by virtue of the assignment. The assignment, however, is not involved in this proceeding and no finding whatsoever may be based upon it. A holding that the bank is a proper party to this arbitration proceeding would necessarily devolve on the arbitrators the duty of fixing the interest of Vatet and the bank, not only as between them, but in the fund, if any, as against the possible claims of other assignees and creditors. Such procedure was not contemplated under the Arbitration Law. (See *Matter of Fletcher*, 237 N. Y. 440, and *Matter of Brescia Constr. Co., Inc.,* v. *Walart Constr. Co., Inc.*, 238 App. Div. 45.) The record discloses that the defendant school is at present enjoined from making any disposition of property belonging to Vatet until further order of the court in a supplementary proceeding instituted by a judgment creditor against Vatet. The bank may not obtain any preference by reason of this proceeding. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.