## MODERN BROKERAGE CORPORATION v. MASSACHUSETTS BONDING & INS. CO.

District Court, S. D. New York.

March 30, 1944.

Benjamin C. Ribman, of New York City (Myron M. Fineman, of New York City, of counsel), for plaintiff.

Bennett & Roth, of New York City (Ray Rood Allen and Herbert M. Lord, both of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Plaintiff sues the defendant upon a performance bond, alleging in its first cause of action that the Quincy Dry Dock & Yacht Corporation, the principal named in the bond, entered into a contract with it on July 20, 1943, to perform certain work and furnish certain materials in connection with the repair and rehabilitation of the schooner "Mary DeCosta", and that the contractor made certain false representations and failed to carry them out, as well as to perform its contract, to the plaintiff's damage in the amount that it was compelled to pay to complete the repairs, alterations and improvements which the Quincy Company had agreed to accomplish. In the second cause of action, it alleges that the Quincy Company failed to complete its work within the time fixed in the contract, and sues for damages at the rate of $300 per day for each day that the work remained uncompleted. The third cause of action seeks a recovery for the loss of profits because of plaintiff being deprived of the use of the schooner as a result of the Quincy Company's delay.

Defendant, as surety, on July 28, 1943, in conjunction wtih the Quincy Corporation as principal, executed its bond to the plaintiff that the principal "shall conform and comply with the terms and conditions of the contract" with the plaintiff, above referred to, for repairs and alterations to the schooner.

That contract provided for the furnishing of the work and materials in accordance with ·specifications prepared by Captain C. B. Kenney, acting as surveyor; and, among other things, stipulated that "should any dispute arise between the parties hereto, respecting the true construction of the specifications or respecting the manner or sufficiency of the performance of the work, the matter shall be referred to Captain C. B. Kenney, above referred to as surveyor, and his decision shall be binding on all parties".

Plaintiff does not sue the contractor, probably because it is without the jurisdiction. It appears without dispute that after the commencement of this action in the New York Supreme Court, Quincy made formal demand for arbitration, plaintiff has refused to arbitrate, and nothing further has been done by either of the parties to the construction contract to compel the other to do so.

Defendant now moves to amend its answer by setting up five defenses. Plaintiff does not object to the first three. The fourth proposed defense is that in case plaintiff claimed the work as defective, the contract required that such claim be submitted to Captain Kenney, as condition precedent to maintaining this action. The fifth proposed defense is that plaintiff has refused such submission and arbitration, and is barred from prosecuting this action. Defendant also asks for a stay pending arbitration.

■ I think the defendant's motion must be granted. The contract, the performance of which is guaranteed by the defendant, was not in terms made a part of the bond; but there is no doubt in my mind that as defendant guaranteed its performance by the Quincy Company, the terms of the contract are as much a part of the bond as if they were expressly set forth in it. Otherwise, it could not be ascertained what defendant guaranteed; the contract measured its obligations, and it was not bound by anything beyond. Defendant obviously stands in the shoes of the principal contractor. American Fidelity Co. v. Velie, 8 Cir., 196 F. 190–193, certiorari denied 226 U.S. 607, 33 S.Ct. 112, 57 L.Ed. 379. It has the right generally to assert any defense which its principal Quincy might assert if sued. The natural limit of the obligation of the surety is to be found in the obligation of the principal. Cage's Executors v. Cassidy, 23 How. 109–116, 16 L.Ed. 430; Benjamin v. Hillard, 23 How. 149, 164, 16 L.Ed. 518; Smith Engineering Co. v. Rice, 9 Cir., 102 F.2d 492–499, certiorari denied 307 U.S. 637, 59 S.Ct. 1034, 83 L.Ed. 1519; Phelps v. Dawson, 8 Cir., 97 F.2d 339–341, 116 A.L.R. 1343. It seems clear to me, under the facts as they now appear, that the Quincy Company would have the right to require a submission to arbitration.

■ The terms of the New York and Federal Arbitration Acts seem to limit the right to compel arbitration to an application made by either of the parties to the contract, and defendant was not such. Matter of Vatet v. Scarborough School, 241 App.Div. 693, 269 N.Y.S. 610. It could become a party to such an arbitration but could not demand it. The dictum in the opinion in Matter of Michel v. Whitecourt Construction Corp., 264 N.Y. 23–29, 189 N.E. 767, 769, I believe correctly states the rule. There a surety company which had bonded a mechanic's lien was held liable for an award made after arbitration against its contention that the terms of its bond contemplated no such liability. It was held there because it had consented so to become bound in the arbitration proceeding. It was said: "In this case, however, there is more than a mere retainer to defend the action brought to enforce the lien. The answer verified by an officer of the surety company 'claims the right to submit the questions in dispute herein to arbitration.' The surety had no such right. The questions in dispute were, it is plain, the issues in the action. At most, the surety had the right to demand that the action be stayed until the owner's right to compel arbitration of disputes arising under the contract between the owner and contractor was given effect." Without its consent, the surety could not be bound. Matter of Brescia Construction Co. v. Walart Construction Co., 264 N.Y. 260, 190 N.E. 484, 93 A.L.R. 1148.

■ It cannot very well be gainsaid that plaintiff was bound to perform its obligations under the contract before seeking to hold another liable for the breach. The arbitration clause is an essential part of the contract. It definitely requires resort under its terms in the event of a dispute as to the work. It would seem necessary, therefore, for plaintiff to carry out that part of the agreement along with the other parts, and it is undisputed that it has refused. Memphis Trust Co. v. Brown Ketcham Iron Works, 6 Cir., 166 F. 398–403, certiorari denied 214 U.S. 515, 29 S.Ct. 697, 53 L.Ed. 1064; Hamilton v. Liverpool, etc., Insurance Co., 136 U.S. 242–255, 10 S.Ct. 945, 34 L.Ed. 419.

■ The lack of power in this court to compel in his action such arbitration does not prevent it from granting a stay until the provision in the contract is complied with even though such arbitration must take place beyond the court's jurisdiction. Shanferoke Coal & Supply Co. v. Westchester S. Corp., 2 Cir., 70 F.2d 297, at-

firmed 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583. The power to grant a stay is not conditioned upon the existence of the power to compel arbitration. Id. 293 U.S. at page 453, 55 S.Ct. at page 315, 79 L.Ed. 583.

The defendant has not waived its right either to amend or apply for a stay. Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978–989.

The motion to amend and for a stay is accordingly granted, but the court will be free to vacate the stay at any time should the arbitration be unduly delayed. This amendment, as well as the stay, makes it unnecessary to pass upon plaintiff's motion for a bill of particulars, which will be denied without prejudice. Settle order on notice.