OGILVIE, CLAUDE, Associate Judge.
This is an action wherein plaintiff sought damages against defendant in the amount of defendant’s profit arising from the sale of real estate by defendant to plaintiff. At the time of the sale the defendant was a registered real estate broker doing business as Causeway Realty in Fort Lauderdale. Plaintiff answered Causeway Realty’s newspaper ad, and was shown several properties by Realty’s salesman, including defend *42 ant’s home, and was told expressly that it was the property of defendant. After several offers and counter offers were negotiated by said salesman between plaintiff and defendant, a written sales agreement was executed by both plaintiff and defendant.
An attorney was retained by plaintiff to examine title papers for her and represent her at final closing, who furnished plaintiff with a written opinion on said title before the closing of the transaction, wherein it was expressly pointed out to plaintiff that she would receive title by deed from defendant and his wife. Subsequently, the transaction was closed.
Defendant originally leased the property and moved in long before he ever heard of plaintiff; and the lease gave defendant the option tó buy said property at a lower figure than that at which he sold to plaintiff; and defendant exercised said option after the execution and delivery of the sales agreement between himself and plaintiff. Title was conveyed to defendant by his vendors, and he and his wife thereupon delivered to plaintiff their deed pursuant to Opinion on Title previously procured by plaintiff from her attorney; all without objection or question on the part of plaintiff, until a later date when this suit was filed by her seeking to make defendant disgorge his profit and pay same over to plaintiff. In plaintiff’s suit, she is not complaining that the property is worth less than what she paid; she admits that it is worth more; nor is she complaining that the defendant breached any terms of the contract with her. She is seeking to keep the property, and to compel defendant to pay his profit over to her.
The lower Court granted motion for a summary judgment in favor of defendant, after consideration of the pleadings, depositions and affidavits of the respective parties. In granting defendant’s motion for summary judgment, the lower Court held that there was no material dispute or conflict in the facts; and that plaintiff knew she was dealing with defendant as a vendor from the inception and long before she voluntarily consummated the transaction; and that plaintiff’s position here was untenable, claiming that a confidential relationship between her and defendant existed and was breached, entitling her — not to set aside the transaction — but to compel defendant to pay over to plaintiff the profit defendant made on his sale to plaintiff. After reviewing the entire case, we agree with the lower Court, that the undisputed facts on motion for summary judgment do not support plaintiff’s contention that a confidential relation existed between her and defendant in this real estate transaction; and we affirm the summary judgment in favor of defendant below.
ALLEN, C. J., and KANNER, J., concur.