The WASHINGTON GAS LIGHT COMPANY, a District of Columbia and Virginia Corporation

v.

Dr. Shao T. HSU and Charlotte C. Hsu.

Civ. No. T–79–444.

United States District Court, D. Maryland.

Nov. 14, 1979.

Jo V. Morgan, Jr., Bethesda, Md., for plaintiff.

Shao T. Hsu, pro se, for defendants.

THOMSEN, Senior District Judge.

Plaintiff brought this action on a judgment it had obtained against defendants in the Superior Court of the District of Columbia, which remains unpaid. It has moved for judgment on the pleadings pursuant to Rule 12(c), F.R.Civ.P. In their answer to the complaint and their memorandum in opposition to plaintiff's motion, defendants argue that "the judgment entered in the Superior Court of the District of Columbia was based on false statements and distorted facts."

█ Title 28 U.S.C. § 1738 imposes on federal courts the duty to give full faith and credit to duly authenticated judgments of courts of any "State, Territory or Possession" of the United States.[1] It is firmly established that in a suit on a judgment of such a court with proper subject matter and personal jurisdiction no defense may be raised which goes to the merits of the original controversy. See, e. g., *Milwaukee County v. M. E. White Co.*, 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935); *Midessa Television Co., Inc. v. Motion Pictures for Television, Inc.*, 290 F.2d 203 (5 Cir.), cert. denied, 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961). At the hearing on the motion, defendants conceded that their only argument was based on the merits of the Superior Court judgment. The sole issue raised in this case is whether 28 U.S.C. § 1738 applies to a judgment of the Superior Court of the District of Columbia.

No federal case precisely on point has been found. However, in *Embry v. Palmer*, 107 U.S. 3, 10, 2 S.Ct. 25, 30–31, 27 L.Ed. 346 (1882), dealing with a predecessor statute, the Court said:

> That the Supreme Court of the District of Columbia is a court of the United States, results from the right of exclusive legislation over the District which the Constitution has given to Congress. Accordingly, the judgments of the courts of the United States have invariably been recognized as upon the same footing, so far as concerns the obligation created by them, with domestic judgments of the States, wherever rendered and wherever sought to be enforced. *Barney v. Patterson*, 6 Har. & J. (Md.) 182; *Niblett v. Scott*, 4 La.Ann. 246; *Adams v. Way*, 33 Conn. 419; *Womack v. Dearman*, 7 Port. (Ala.) 513; *Pe-*

*poon v. Jenkins*, 2 Johns. (N.Y.) Cas. 119; *Williams v. Wilkes*, 14 Pa.St. 228; *Turnbull v. Payson*, 95 U.S. 418, [24 L.Ed. 437]; *Cage's Ex'rs v. Cassidy*, 64 U.S. (23 How.) 109 [16 L.Ed. 430]; *Galpin v. Page*, 3 Sawyer, 93, 109.

The Supreme Court of Ohio discussed this issue in *Symons v. Eichelberger*, 110 Ohio St. 224, 232, 144 N.E. 279, 281 (1924), and concluded:

> We have, therefore, in the District of Columbia a political entity, which, for certain purposes, is held by the courts to be a quasi state; which, under the definition given in a number of judicial decisions, is a territory, or at least a quasi territory. * * * The statute therefore applies here with double force, and whether we consider the District as a quasi state or as a quasi territory, the full faith and credit clause of the United States Constitution as extended by the law passed by the United States Congress * * * ought upon every theory to apply to the courts of the District.

█ Under Art. I, § 8, cl. 17, Congress has the power to legislate for the District of Columbia. That power is plenary, and under it Congress may exercise within the District of Columbia all legislative powers which a state legislature may exercise over a state's affairs, subject to whatever restrictions are placed on the exercise of such powers by the Constitution. *Palmore v. United States*, 411 U.S. 389, 397, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973); *District of Columbia v. John R. Thompson Co.*, 346 U.S. 100, 108, 73 S.Ct. 1007, 97 L.Ed. 1480 (1953); *Capital Traction Co. v. Hof*, 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873 (1899). In the exer-

---

1. § 1738. *State and Territorial statutes and judicial proceedings; full faith and credit*

The Acts of the Legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attes-

tation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

cise of that power Congress has created for the District of Columbia a local governmental structure, including a local court system, analogous to that of a state. The District of Columbia Court Reorganization Act of 1970, D.C.Code, § 11–101 et seq. (1973), and the language of 28 U.S.C. § 1738 strengthen, rather than weaken, the applicability of *Embry* to the case at bar. This court must, therefore, give full faith and credit to the judgment obtained by plaintiff against defendants in the Superior Court of the District of Columbia.

Plaintiff's motion for judgment on the pleadings is hereby granted. A separate judgment order will be entered.