SHIVERS, Judge.
Appellant Baker appeals final judgment against him on two promissory notes executed by him to Appellees Peddie and Clark. He asserts the trial court erred in finding appellees were not acting as real estate brokers and in granting them judgment and attorney’s fees. We find the trial court did not err in this portion of the appeal and affirm.
Peddie and Clark cross appeal, as accommodation indorsers on Baker’s four notes to one of the landowner groups, asserting the trial court erred in not allowing them contribution from Baker on sums they paid these landowners for their release from these notes. We reverse and remand for further proceedings on this portion of the appeal.
Baker had attempted to purchase three separate tracts totalling over 1,800 acres in Gadsden County from three respective groups of owners, but was unable to do so due to the objection of one group (Miller) to Baker’s financial condition. Peddie and Clark learned of Baker’s failed attempt to purchase the property and thereupon they obtained for themselves contracts to purchase the property from the owners.
The contract of purchase and sale between Peddie and Clark, as buyers, and the Miller group, as sellers, expressly provided that in the event Peddie and Clark assigned the contract prior to closing, then Peddie and Clark would be required to cosign the purchase money promissory note as additional security.
At closing Baker, in addition to executing various notes to the owners, also executed two notes to Peddie and Clark totalling $219,865, representing the latters’ profit for the transaction.
Subsequently, Baker defaulted on his notes to the owners as well as on his notes to Peddie and Clark. Baker, through his attorney, offered to deed the property back to the mortgagees (the original landowners) in lieu of foreclosure and pursuit of any deficiency.
Pursuant to such offer, the mortgagees, through their attorney, C. Victor Butler, Jr., on August 20, 1982, sent Baker’s attorney, Rivers Buford, Jr., deeds to be executed by Baker to the mortgagees quit-claiming the property. Mr. Butler stated that he was advised by M. William Miller of the telephone conversation in which attorney Buford, on behalf of Baker, had offered to quitclaim the property to the mortgagees “in lieu of foreclosure and the mortgagees pursuing a deficiency judgment.” In the letter, Butler enclosed the quitclaim deeds for the Miller property and the Butler-Morgan property for proper execution by Baker, with the understanding that delivery of the deeds by Baker would be unconditional.
The letter further provided:
Please understand that the execution and your mailing of said documents to *823 me shall not constitute an immediate acceptance by the mortgagees of the Deeds. Rather, said Deeds will be held in escrow in this Law Firm for approximately 30 days pending negotiations with Great Northern Paper Company.

Upon resolution of said negotiations with Great Northern, I will either return said Deeds to you unaccepted or I will advise you that they have been accepted by forwarding to you a General Release of Mr. Baker by the mortgagees.
By letter of September 7, 1982, Mr. Buford mailed the executed deeds to Mr. Butler, stating:
The originals, fully executed, of the referenced deeds are enclosed.
These are tendered pursuant to • the terms of your letter to me of August 20, 1982 and subject to our telephone understanding that at any time prior to recording said deeds, the grantees therein will accept full payment of all principal and interest due on the mortgages to them from Mr. Baker and upon such payment will return the unrecorded deeds to Mr. Baker or to me.
Peddie and Clark negotiated with the Miller group on the purchase money mortgage notes upon which Peddie and Clark were accommodation parties for Baker and obtained their release from said notes in exchange for $60,000 paid October 27, 1982.
Peddie and Clark sued Baker on the notes from Baker to them, which were in default, and also sued for the recovery of the $60,000 they had paid as accommodation parties on the mortgage notes. The trial court found and held that the consideration for the notes from Baker to Peddie and Clark was the assignment by Peddie and Clark of the contract, and that the notes were valid. The trial court granted judgment for Peddie and Clark against Baker for principal and interest on the notes as well as for interest, costs and attorney’s fees. The trial court denied relief sought by Peddie and Clark from Baker on the $60,000 contribution.
Baker argues that he owes Peddie and Clark nothing on the notes he executed to them. He maintains that the actions of Peddie and Clark were those of real estate brokers under section 475.01(3), Florida Statutes, and that since Peddie and Clark were not licensed as real estate brokers, his obligations under his notes to them would be invalid under section 475.41, Florida Statutes, which provides that:
No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or salesman has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed.
Baker asks that we, in effect, recharac-terize the transaction, but we find we should not do so. Previously, Baker had several transactions with Peddie and Clark concerning land, and the contracts signed here by Peddie and Clark obligated them to purchase the land, but with no compulsion to deal with Baker.
In Roach v. Thompson, 118 So.2d 41 (Fla.2d DCA 1960), the court held in a similar factual context that no confidential relationship existed. Here, as in Roach, no confidential or fiduciary relationship existed. Peddie and Clark were not acting as brokers since one of the primary elements of a broker’s role is his fiduciary relationship to his principal. 7 Fla.Jur.2d, Brokers, § 64, Hershey v. Keyes Co., 209 So.2d 240 (Fla.3d DCA 1968). We further find no error in the attorney’s fee award.
On the cross-appeal, Peddie and Clark maintain that they are entitled to reimbursement for the $60,000 they paid for their release as accommodation parties.
Peddie and Clark, as accommodation parties, were sureties and had the rights and liabilities of sureties. See 6 Fla.Jur.2d, Bills and Notes, § 419. If the creditor releases the debtor from performance of his obligation, the surety is also released, although this may not have been the creditor’s intention. Sarasota County v. American Surety Co., 68 F.2d 543 (CA 5 1934); Penza v. Neckles, 340 So.2d 1210 *824 (Fla. 4th DCA 1976), approved, 344 So.2d 1282 (Fla.1977).
The record is unclear whether or not the quitclaim deeds were accepted by the mortgagees in lieu of foreclosure and deficiency judgment prior to the $60,000 ■payment by Peddie and Clark to the mortgagees for their release from the notes. Nor is there indication in the record when or if the quitclaim deeds were recorded. We reverse and remand on the cross-appeal only, for further proceedings consistent with this opinion. Additional testimony and evidence are authorized.
AFFIRMED in part, and REVERSED and REMANDED for further proceedings.
TILLMAN PEARSON (Ret.), Associate Judge, concurs.
BOOTH, J., concurs in part and dissents in part.