JOHN TILTON *et al.* Plaintiffs, *against* THE UNITED STATES
LIFE INSURANCE CO. *et al.* Defendants.

[SPECIAL TERM.]

(Decided June 7th, 1878.)

The attorneys in a civil action have full authority to submit all the matters in controversy in it to arbitration.

Where the material facts on which a motion is to be determined are transactions and conversations between, and within the exclusive knowledge of two persons, one of whom, in the affidavit on which the motion is made, alleges such facts, and the other, in an affidavit in opposition, denies them, they must be deemed not proven ; and the motion must be denied, as no more credit can ordinarily be given to the one who asserts a fact than to the one who denies its existence.

MOTION on behalf of plaintiffs to set aside an award made
by Sylvester L. Woodhouse, to whom, as arbitrator, certain
matters in litigation in the above entitled action were sub-
mitted by the written agreement of the attorneys for the
respective parties.

The facts are stated in the opinion.

*W. I. Butler,* for plaintiffs.

*Vanderpoel, Green & Cuming,* and *Hegeman & Ingersoll,*
for defendants.

CHARLES P. DALY, Chief Justice.—The letter of the plain-
tiff's attorney to Woodhouse on the 2d of October, 1877, and
the acceptance of the proposition therein contained by the
letter of the defendants' attorney on the 24th of October,
1877, was a valid submission in writing of all matters in
controversy in this action to arbitration. The plaintiff's at-
torney, by his letter, agreed to leave the method and extent of

the investigation wholly to the judgment and discretion of the arbitrator, proposed and agreed to abide by any decision that he might render touching the matters in controversy, and faithfully perform and carry it into effect, and when the defendants' attorney accepted in writing the proposition thus made, the submission was valid and complete; for it is well settled that the attorneys in a cause have full authority to submit all the matter in controversy in it to arbitration. (*Dowse* v. *Cox*, 3 Bing. 20; *Biddell* v. *Dowse*, 9 D. & R. 404; 6 B. & C. 225; *Farrel* v. *East, &c. Railway Co.*, L. J. Exch. 233, 297; *Adams* v. *Bankart*, 1 C. M. & R. 681; Russell's Arbitrator, p. 32.)

It is not necessary to enquire by what rules or principles the court will be guided where an application is made to it to set aside a submission and the award that has followed upon it; in what cases it will deny and where it will grant the application; for in this case every material fact upon which the plaintiff's attorney relies to satisfy the court that *he was inveigled into this submission by the artful conduct and deceitful representations of an arbitrator*, who was acting solely in the interest of the other party, and who persuaded him to enter into the submission, that he might decide the matter in controversy against him and cut him off forever thereafter from all remedy, is denied by the affidavit of the arbitrator and by the affidavits of the president of the company and of its attorney, both of whom, it is alleged, *designedly co-operated with the arbitrator* in bringing about this unjust result.

This application rests solely upon the facts set forth in the affidavit of Mr. Butler, the attorney for the plaintiff, and where every one of these facts, or at least every one that is in any way material, are denied in the affidavits of the parties charged, the facts alleged must be regarded as not proved. This is the rule that governs, and which necessarily must govern, in all special motions in which the facts are brought before the court by affidavits, and where the facts which are alleged to be in the mutual knowledge of certain parties are positively asserted by the one party and as positively denied by the other; for ordinarily in such a case

no more weight can be given to the one who asserts a fact than to the one who·denies its existence.

It is not necessary that I should go over the voluminous affidavit of the plantiff's attorney, and show, by a reference to the affidavits of Woodhouse, Hegeman & Buel, that every essential and material fact·sworn to by him is denied by them, so far as any act or declaration by either of them is alleged in the moving affidavit; for that this is the case will be admitted by Mr. Butler himself.  The only fact that is not expressly controverted by Woodhouse, the arbitrator, is Butler's statement that he was a stranger to him until Woodhouse called upon him to confer with him upon the matter of this suit; but in respect to everything that occurred between them showing, or tending to show, that Woodhouse was acting unfairly and secretly, in the interest of the company, is flatly denied.  The plaintiff's attorney admits that in all their conferences no other person was present; that whatever transpired, transpired between them alone, and where this was the case, how can this court say that the statement of one is to be received as to what occurred and that of the other is to be rejected.

Woodhouse denies that Butler put off the cause at his request, but on the contrary, alleges that Butler requested him to use his friendly influence with the company to get it put off.  He denies that he proposed to act·as arbitrator, but alleges that it was Butler who proposed it, and that to his (Woodhouse's) knowledge or information it had never been ·proposed by any of the defendants or their counsel ; that none of the defendants or their counsel knew of the proposition to refer the cause, or that it was contemplated, until the written submission was submitted by him to Hegeman, the attorney and counsel of the defendants, and that being an unexpected proposition, Hegeman took time to consider it.  Woodhouse denies that he has ever, as charged in the moving affidavit, been in the employment of the defendants as agent, upon a commission or otherwise, and alleges that his relation to the defendants was simply as a policy-holder and were never in any way concealed from Butler.  He alleges that the

plaintiff's attorney was fully heard upon the arbitration; that he submitted voluminous documents, proofs, papers and a written brief, as the defendants also did, and that Butler's brother, a counsellor-at-law, appeared before the arbitrator, and that he and Butler argued the case orally before the arbitrator, the defendants' counsel declaring that he did not desire any oral argument, but that he had no objection to the arbitrator hearing an oral argument from Butler and his associate counsel, as the arbitrator did, and finally, the arbitrator alleges that the award he made was solely and certainly the result of a careful examination of the written statements, releases, receipts, records and papers of the company and the written briefs submitted by the respective counsel.

What is here set forth is sufficient to show that the case presented by the specific denials of the one party is quite as strong as the affirmation of the other. In addition to this, it is to be noted that what the plaintiff's attorney chiefly complains of is, that no award was made to him for the losses and injuries which he had sustained by the course which the defendants pursued towards him; whereas, as I read the submission, what is submitted is the matters in controversy in the suit, and not the personal claims of the attorney for losses and injuries which he had sustained, independent of the claim of his clients, which was the subject-matter of the suit. It may be that the submission is broader, and includes, or was meant to include, personal claims which Butler had for damages against the defendants, in addition to the cause of action which led to the institution of the suit, as the letter of Butler declares that the arbitrator may review every feature or element of whatever nature which he might hold to be in any way included in the suit, and Butler agrees to abide by any recommendation the arbitrator may make touching any interest or person in any way connected with the matters of controversy. But even giving to this language the widest possible construction, the submission declares that the manner, method and *extent* of the investigation "is to be left wholly to the judgment and discretion of the arbitrator." I do not find in the arbitrator's opinion any reference to any

personal claim for damage which Butler made against the defendants. He says that "both plaintiffs and the defendants claim, as due them by the reference, either large pecuniary or exemplary damages and other valuable considerations in settlement of the cause," and declares that to award to either of the parties any considerable portion of the claims presented would be unwise and unjust. This does not show that any claim of the attorney, apart from the claims of the plaintiffs, was taken into consideration or passed upon one way or the other, although a personal claim by the attorney to the amount of $33,972 was presented for the arbitrator's consideration. As the *extent* of the investigation was left wholly to his judgment and discretion, he had the right, under the large powers given to him by the submission, to omit to enquire about, consider, or pass upon the personal claim of the attorney for damages, as he appears to have done.

It may be that the plaintiff's attorney was inveigled by cunning and artifice into agreeing to submit all the rights of his client and all claims or rights that the attorney himself may have had to the irrevocable decision of an arbitrator, whose pretence of interest in the attorney and his client was simulated that he might get them into his power, and be able, in the interest of the company, whose instrument he was, to extinguish all claim of any kind on their part thereafter. But if the plaintiff's attorney was so inveigled, he has no means of showing it except by his own affidavit, every material statement in which is denied by the affidavit of the arbitrator; and so far as the moving affidavit alleges anything on the part of the president, or the legal adviser of the company, which would be improper or questionable in bringing about the arbitration, it is also positively denied in their respective affidavits.

The motion, therefore, to have the submission and award declared void and of no effect, and that the plaintiff shall be allowed to go on with the prosecution of the suit, and for an examination of the books, records, &c., of the company, and for the appointment of a receiver, will have to be denied.

Motion denied.