King et als. vs. King et als.

No. 13,779.

JESSE W. KING ET ALS. VS. J. D. KING ET ALS.

SYLLABUS.

1. An attorney-at-law as such has no authority to submit the issues involved in a law suit to arbitrators, nor has an attorney in fact such authority, unless specially authorized to that effect. The existence of such power must appear in the record of appeal, and the agent must not pass beyond his powers. Arbitrators are, by law, required to take an oath before acting under the submission. The agent cannot waive this requirement unless specially authorized by his principal.

2. Consent to submit one's differences to arbitrators is not consent to acquiesce in everything done under the submission.

APPEAL from the Fourth Judicial District, Parish of Union— Roberts, J. ad hoc.

J. B. Holstead for Plaintiffs, Appellees.

Barksdale & Barksdale (Benjamin Rice Forman of Counsel) for Defendants, Appellants.

STATEMENT OF THE CASE.

The opinion of the Court was delivered by

NICHOLLS, C. J. The plaintiffs, as heirs of Joseph G. and Sarah N. King, sued for a partition between themselves and their co-heirs. Among the parties named by plaintiffs as heirs was G. L. King, a resident of Louisville, Kentucky, to whom a curator ad hoc was originally appointed, but who subsequently answered through Barksdale & Barksdale, as his attorneys.

Various proceedings had taken place in the case when, on October 31, 1900, the following agreement was entered into:

It is agreed by plaintiffs and defendants that Messrs. R. B. Dawkins, F. F. Preaus and J. M. Smith, with leave to them to call in B. F. Pleasant, shall take the pleadings in this case and hear the statements of each litigant, separately, as to his claim, and shall question

each one without the presence or interference of any attorney or other person, and shall hear Allen Barksdale as the agent of the absentee, G. L. King, in the same way that the other litigants are heard, but not as the attorney for any one.

After thus hearing the parties, they shall determine the amount of collations due by each heir and shall also determine whether or not the collations shall be counted in before the community is divided in two parts, so as to arrive at the third disposed of by the will of J. G. King, or not.

It is further agreed that the collations and partition shall be made as to all the property except the interest of these parties in the insurance on the life of H. E. Mosely.

It is further agreed that this committee shall decide whether or not the note on Albritton, the note on H. V. Mosely, and the judgment on Etheridge shall be sold or shall be collected and divided among the other heirs, as the other property.

It is agreed further that the property, the land and all other property, except what is named here, shall be sold to effect a partition.

It is further agreed that said committee shall determine what amounts, if any, J. W. King, executor and administrator, is liable for, for 1899 and 1900, for rents of property.

It is further agreed that judgment shall be rendered by the court by agreement of parties upon the finding of these men thus agreed on.

Farmersville, La., Oct. 31st, 1900.

J. B. HOLSTEAD,

*Attorney for Plaintiff.*

BARKSDALE & BARKSDALE,

*Attorneys for Defendants.*

Indorsed: "Filed Oct. 31st, 1900. Edw. Everett, Clerk, D. C."

The parties named as arbitrators consented to act. On November the 2nd, the following award was filed in court:

### REPORT OF COMMITTEE.

We, your committee to whom has been referred matters and things as set forth in the agreement of parties filed Oct. 31st, 1900, in suit entitled J. W. King et al. vs. J. D. King and others, No. 4447 of the docket of the Fourth District Court, of Union Parish, La., beg leave to report as follows:

1st. We find that the heirs of Joseph G. King and Sarah N. King, deceased, should collate as follows:

| | | |
|---|---|---|
| Mrs. Fannie B. Roberts | $1,034 | 10 |
| Mrs. Bettie McCrary | 1,707 | 60 |
| Mrs. Zylphia Hester | 1,136 | 11.... |
| J. W. King | 1,145 | 83 |

| Of this amount | $156.60 |
|---|---|
| less taxes for 1899 | 37.37 |
| Balance | 119.23 |

is for rent for 1899.

| | | |
|---|---|---|
| Mrs. Stella Johnson and Vada King (heirs of W. R. King) | 1,082 | 00 |
| Vada, extra of her half of above | 15 | 00 |
| J. D. King | 162 | 00 |
| C. J. L. King | 3,129 | 00 |
| C. L. King | 2,400 | 00 |

2nd. That said collations shall be counted in before the community is divided in two parts.

3rd. We recommend that the notes on Mosely and Albritton and judgment on Etheridge be sold.

4th. We are unable to say what amount J. W. King, executor and administrator, is liable for, for the year 1900, for the rents, for the reasons that the places have been rented for part of the crop and same has not been collected for that year.

Respectfully Submitted,

JAS. M. SMITH,
FRED. B. PREAUS,
This Nov. 1, 1900.　　　　　　　R. B. DAWKINS.

Indorsed: "Filed Nov. 2, 1900."—Edw. Everett, Clerk, D. C.

On the same day G. L. King filed the following motion to set aside the award:

"G. L. King, by counsel, refuses to agree to the award made by the gentlemen to whom these matters were referred, and makes this refusal only because he believes great injustice has been done him. This defendant has been adjudged to collate for more than he ever received. Other parties have been made to collate too little, and, believing that this injustice has been done by misrepresentation to said gentlemen, he makes this refusal with regret.

"He avers that the agreement signed, stipulated that they, 'should take the pleadings in this case, and hear the statement, of each litigant separately as to his claims, and shall question each one, without the presence or interference of any attorney or other person.'

"This agreement was especially stipulated and inserted into the agreement signed. This defendant alleges that, notwithstanding this special stipulation or clause in the agreement, Edw. Everett, clerk of this court, was present nearly or quite all the time when statements of litigants were being heard, and the committee was deliberating on questions submitted, and said Everett commented on statements.

"Defendant further alleges that said committee questioned parties before them as to claims as to others than themselves.

"Neither the committee nor the parties were sworn.

"Wherefore, this defendant refuses to agree to judgment being rendered in accordance with the award, and prays that said report or award be set aside, that this case be re-set for trial and proceeded with regularly.

"Prays for necessary orders and for general relief.

· "BARKSDALE & BARKSDALE,

*"Attorneys for Defendant G. L. King."*

Indorsed: "Filed Nov. 2, 1900. Edw. Everett, Clerk. D. C."

The motion was overruled and the District Court rendered the following judgment:

### JUDGMENT.

In this case, by reason of the law and the agreement of parties signed and filed in this case, and by reason of the report of the committee, filed Nov. 2nd, 1900, being in favor thereof, and the prayer of the petition, after answer being considered, it is ordered, adjudged and decreed that all the effects belonging to the successions of Joseph G. and Sarah N. King, be sold by the sheriff of Union parish, La., at public auction, after legal advertisement according to law, and the property in Morehouse parish be sold on the premises in Morehouse parish, to effect a partition between the heirs, except as to the life insurance policy of H. E. Mosely, which is left out for collection by the heirs, and the proceeds to be divided, when collected, in the same manner as the other effects sold under this judgment. It is ordered, that the following named heirs and parties to this suit shall account for the following amounts of money, which shall be counted in before the community

which existed between Joseph G. and Sarah N. King is divided into two parts:

Mrs. Fannie B. Roberts shall account for one thousand thirty-four dollars and ten cents ($1034.10).

Mrs. Bettie McCrary shall account for seventeen hundred and seven dollars and sixty cents ($1707.60).

Mrs. Zylphia Hester shall account for eleven hundred and thirty-six dollars and eleven cents ($1136.11).

J. W. King shall account for eleven hundred and forty-five dollars and eighty-three cents ($1145.83).

Mrs. Stella Johnson, as heir of W. R. King, shall account for five hundred and forty-one dollars ($541.00).

Vada King, as heir of W. R. King, shall account for five hundred and fifty-six dollars ($556.00).

J. D. King shall account for sixteen hundred and twenty-two dollars ($1622.00).

C. J. L. King shall account for thirty-one hundred and twenty-nine dollars ($3129.00).

G. L. King shall account for twenty-four hundred dollars ($2400.00).

It is ordered that the funds arising from the sale of the effects aforesaid, as well as the collection of the Mosely insurance policy, shall be turned over to the clerk of the District Court in and for Union parish, to make partition, and that said clerk of court and ex-officio notary public shall divide the mass of assets into two equal parts, after first deducting all the necessary costs of this partition, and one part shall be divided into eight equal parts, and from each part must be deducted the amount herein to be decreed due by each of the heirs, in such manner as to make the heirs of Sarah N. King equal in the division of her estate. The other half of the succession funds on hand must first be so divided as to pay to the legatees, named in the will of J. C. King, of record in this case, one-third, and the remainder be then divided into eight equal shares; and from each of these shares must be taken out the amount of money herein decreed to be due by each heir, in such manner as will make all the heirs of J. C. King get a just and equal portion of his estate, after deducting the one-third allowed by the will. It being understood that Stella Johnson and Vada King stand as one heir, representing together one share.

This done, read and signed in open court on this Nov. 2nd, 1900.

W. R. ROBERTS, *Special Judge.*

Endorsed: "Filed Nov. 2nd, 1900. Edw. Everett, Clerk, D. C."

C. J. L. King, Stella Johnson (nee King), J. D. King, G. L. King and Vada King appealed.

Plaintiff moved to dismiss the appeal on the ground that the judgment appealed from was a consent judgment.

## On Motion to Dismiss.

The opinion of the Court was delivered by

NICHOLLS, C. J. A motion has been made to dismiss this appeal *in limine* on the ground that the judgment is a consent judgment. The application is not well grounded. The consent of parties who have a lawsuit or differences with one another to a submission to arbitration is not a consent to acquiesce in all the proceedings which may take place under the submission or the award which will be made thereunder.

Article 3130 of the Civil Code expressly recognizes a right of appeal even though the parties may have expressly renounced it; though the parties may have subjected themselves to a penalty for availing themselves of the right by a penalty, should one have been stipulated to be paid in such a contingency. (Civil Code, 3106-3130.)

The determination of the fact itself whether the parties have given consent to a submission may be one of the issues presented by the appeal.

The motion to dismiss is refused.

## On the Merits.

The judgment in this case was based entirely upon the award of arbitrators. The record declares and the fact is conceded that the arbitrators took no oath as they were required to do by *Article* 3111 of the Civil Code.

It is claimed that Barksdale & Barksdale, agents or attorneys of the defendant, consented to and waived this requirement verbally, but we find no authority on their part to give such consent or make such waiver.

*Article* 3101 declares that an attorney in fact (still less an attorney at law) can not make a submission without a special power, and the submission under Article C. C. 3100 must be in writing. An attorney-at-law, as such, has no authority to make a submission. Both attorneys and agents must keep within their powers. We have no alternative but to reverse the judgment.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided and reversed, and that this cause be remanded to the District Court for further proceedings.

Rehearing refused.