O. J. MORRISON STORES COMPANY *v.* T. E. DUNCAN, *etc., et al.*

(No. 6859)

Submitted March 10, 1931. Decided March 17, 1931.

*Daughterty & Daugherty,* for plaintiffs in error.
*Robert Bland,* for defendant in error.

WOODS, JUDGE:

O. J. Morrison Stores Company, a corporation, of the one part, and T. E. Duncan, only surviving partner of the partnership of Duncan & Berry and Southern Surety Company, a corporation, of the other part, entered into a written agreement, referring and submitting certain matters in difference arising on a building contract, to the final award and determination of a board composed of three arbitrators, namely, Claypool, Wyant and a third to be chosen by the two named in said agreement. Later this agreement together with a purported award, signed by Holland and Wyant, were presented and duly filed by order of the circuit court of Logan county, and a rule issued at the instance of Duncan and Surety Company, commanding O. J. Morrison Stores Company to appear and show cause, if any it could, why the award should not be entered as the judgment of the court, and, by the same instrument or writ, gave notice that they would move the court to enter judgment on said award.

The stores company in its answer and return denied the existence of a valid award—pointing out that one of the three arbitrators, who sat and heard the evidence, did not join in or sign—and moved that the rule be quashed and the motion dismissed. The attorney for Duncan and the surety company proffered certain evidence in support of the award, and on the court's refusal to hear same, made an avowal on the record that, subsequent to the retirement of the arbitrators, counsel for both parties, in the presence of the president of the stores company, agreed that a finding by two would be binding; that the arbitrators were so advised; that Claypool, thinking it would be unnecessary for him to sign, left prior to the actual writing of the award to attend to certain urgent business. After considering the case, the court entered an order quashing the rule, and dismissing the motion to enter up judgment on the purported award.

It is not contended that a majority could make an award under the written agreement. *Stewart* v. *County Court*, 99 W. Va. 640. Whether the purported award is binding upon the parties depends entirely upon the authority of the stores company's attorney. This Court has held that an attorney at law, as such, has no authority before or after the institution of a suit to make an agreement *in pais*, to submit his clients' cause to arbitrators, though he may, if his clients are adults, consent in open court to submit their cause to arbitration; and, if they be adults, they will be thereby bound. *McGinnis* v. *Curry*, 13 W. Va. 29. If he cannot submit out of court, can he, in the absence of express authority, change the terms of submission made by the parties? The arbitration agreement took the matter out of the hands of the attorney. The action of the attorneys would amount to a changing of the contract. The proffer does not show any purported authority, or even a semblance of ratification on the part of the stores company.

The judgment of the circuit court must be affirmed.

*Affirmed.*