In the Matter of Louis MICHEL, INC., Appellant, against WHITECOURT CONSTRUCTION CORPORATION, Defendant. FRANKLIN SURETY COMPANY, Respondent.

(Argued January 16, 1934; decided February 27, 1934.)

*Abraham Wilson* for appellant.  An attorney who has appeared and filed an answer in an action may thereafter consent and agree to a reference or arbitration of the issues in the action, and where such consent and stipulation is evidenced by an order of the court, it is binding upon the client who cannot be heard to question his counsel's authority.  (*Farrill* v. *Railway Co.*, 2 Exch. 344; *Filmer* v. *Delber*, 3 Taunt. 486; *Wilson* v. *Young*, 9 Barr. 101; *Holker* v. *Parker*, 7 Cranch, 436; *Talbot* v. *McGee*, 4 T. B. Mon. 377; *Jenkins* v. *Guilespe*, 10 S. & M. 31; *Scarborough* v. *Reynolds*, 12 Ala. 252; *Gorham* v. *Gale*, 7 Cow. 739; *Tilton* v. *U. S. Life Ins. Co.*, 8 Daly, 84; *Dowse* v. *Coxe*, 3 Bing. 20; *Somers* v. *Balabrega*, 1 Dall. 177; *Bates* v. *Vischer*, 2 Cal. 355; *Lee* v. *Grimes*, 4 Col. 185; *Wade* v. *Powell*, 31 Ga. 1; *Counett* v. *Powell*, 114 Ill. 233; *Jones* v. *Horsey*, 4 Md. 306; *Haskell* v. *Whitney*, 12 Mass. 47; *Pike* v. *Emerson*, 5 N. H. 393; *Morris* v. *Grier*, 76 N. C. 410; *Tiffany* v. *Lord*, 40 How. Pr. 481.)  The court below erred in holding that the attorney who filed an answer verified by one of the surety's officers and who later served a written demand for arbitration did not possess the authority, express or implied, to bind his client by the arbitration had pursuant to the demand. (*Wilson* v. *Young*, 9 Penn. St. 101; *Brooks* v. *New Durham*, 55 N. H. 559; *Louisville Trust Co.* v. *Stone*, 88 Fed. Rep. 407; 174 U. S. 429; *Ohlquest* v. *Farwell*, 71 Iowa, 231; *Smith* v. *Barnes*, 9 Misc. Rep. 368; *Franklin* v. *National Ins. Co.*, 43 Mod. 491; *Matter of Heath*, 83 Iowa, 215; *Jones* v. *Welwood*, 71 N. Y. 208; *Matter of Priore* v.

Schermerhorn, 237 N. Y. 16; *Denton* v. *Noyes*, 6 Johns. 296; *Hamilton* v. *Wright*, 37 N. Y. 502; *Brown* v. *Nichols*, 42 N. Y. 26; *Blodgett* v. *Conklin*, 9 How. Pr. 442; *Clinton* v. *N. Y. C. & H. R. R. R. Co.*, 147 App. Div. 468; *Graham* v. *Andrews*, 11 Misc. Rep. 649.)

*Carl Sherman* and *Samuel N. Leiterman* for respondent. The judgment against respondent was invalid because no written agreement for arbitration was entered into by respondent. The attorney for the surety in the mechanic's lien action had no implied authority to appear for the surety in the arbitration proceeding. An attorney hired to defend an action has no authority to stipulate to increase the liability of or diminish the rights of his client. (*Matter of Brescia Constr. Co.* v. *Walart Constr. Co.*, 238 App. Div. 45; *Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.*, 213 App. Div. 140; *Lewis* v. *Duane*, 141 N. Y. 302; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628; *Schneider* v. *Abrams*, 228 App. Div. 1; *Gaston & Co.* v. *All Russian Zemsky Union*, 221 App. Div. 732; *Bush* v. *O'Brien*, 164 N. Y. 205; *Stone* v. *Bank of Commerce*, 174 U. S. 412.)

LEHMAN, J. The plaintiff Louis Michel, Inc., entered into a contract with Whitecourt Construction Corporation for the improvement of real property owned by that corporation. In February, 1929, it filed a notice of lien against the property. Thereafter other notices of liens were filed by subcontractors, naming Whitecourt Construction Corporation as owner and Louis Michel, Inc., as contractor. The liens were discharged by a bond of Franklin Surety Company.

Louis Michel, Inc., began an action to foreclose its lien and named as parties defendant the owner, the surety company and the subcontractors. The owner and the surety company appeared by the same attorneys. They were, it is said, retained by the owner, and they filed substantially identical answers for both the owner and the

surety company. The answer of the surety company was verified by its vice-president. That answer sets up as an affirmative defense that the contract between the owner and contractor " provided that all questions that may arise thereunder and the performance of the work thereunder, shall be submitted to arbitration at the choice of either of the parties hereto," and " That the defendant Whitecourt Construction Corporation has filed a demand for arbitration * * * and this defendant now claims the right to submit the questions in dispute herein to arbitration, and that the plaintiff is not entitled to prosecute the within action."

The plaintiff then moved in the mechanic's lien action for an order that the arbitration proceed and appointing an umpire, in accordance with the terms of the plaintiff's contract. The motion was denied, but without prejudice to the renewal of the application in a special proceeding under the Arbitration Law (Cons. Laws, ch. 72).

Louis Michel, Inc., then made application under the Arbitration Law. Notice of motion addressed to the attorneys of the surety company was served, but no notice was served upon the company otherwise. The application was opposed by the attorneys in behalf of the owner and the surety company but was granted, and the action was stayed.

An order entitled in the arbitration proceedings was made, upon a written consent signed by a vice-president of the surety company, for the substitution of a new attorney for the contractor and owner. That attorney then stipulated in behalf of both parties that the parties to the arbitration proceedings should withdraw the arbitrator they had appointed, and that " William Cohn is hereby designated as the sole arbitrator and umpire to decide all the matters at issue and in controversy between the parties and to adjudge and determine their rights. That the decision, award, or determination of the umpire shall be final, binding and conclusive upon

the parties and a judgment to that effect may be entered by the Clerk of the Court without notice." The order for arbitration was resettled accordingly, and provides for the decision by the arbitrator of " all matters at issue in a controversy between the parties to this proceeding, namely, Louis Michel, Inc., Whitecourt Construction Corporation, Franklin Surety Company and Sam S. Glauber, Inc., and that the said arbitrator and umpire shall adjudge and determine the rights of the said parties." It further provides that the " Umpire may in making his award * * * determine the amount due the various lienors aforementioned, and said award shall determine the rights and equities of the lienors and the amounts due thereon, and that said award and determination shall be binding and conclusive upon such lienors and shall be entered as a judgment of this court by the Clerk thereof."

The substituted attorney appeared at the hearings for both defendants and entered into stipulations for both defendants. The umpire made an award against both defendants and a judgment was entered thereon. Then the surety company, by a different attorney, moved to strike from the award and judgment the name of the surety company. The order of Special Term denying this motion has been reversed by the Appellate Division and the motion granted.

Machinery to give effect to the provisions for arbitration contained in the written contract between the owner and the lienor is created by the Arbitration Law. Either party to the contract might insist that disputes arising thereunder should be determined by arbitration rather than by the courts. The surety company was not a party to that contract. Its bond must be " conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien." (Lien Law; Cons. Laws, ch. 33, § 19, subd. 4.) It might insist that no judgment for the enforcement of the lien

could be granted until after disputes arising between the contractor and owner were determined by arbitration in accordance with the contract they had made, but liability under its bond could be established only by a " judgment which may be rendered again^t the property for the enforcement of the lien." It could not be compelled to litigate that liability in a forum created by a contract to which it was not a party. Even after disputes between the lienor and the owner of the property were determined by arbitration in accordance with the terms of their contract, the surety might still insist that any other issues, such as the validity of the lien, should be determined by the court. Only by its consent or voluntary appearance could it be made a party to the arbitration proceedings, and only by consent to an arbitration and the entry of judgment upon the arbitrator's award could liability be imposed upon it on the bond without a judgment for the enforcement of the lien against the property.

The attorney who appeared for the surety in the arbitration proceedings was retained to appear for it in the lien action. There is no evidence that he was given express authority to appear for it in the arbitration proceedings or to consent in such proceedings to an arbitration which might result in an award and judgment against the surety. The question then arises whether the attorney had any such implied authority.

It has been frequently asserted that an attorney retained in an action may consent to arbitration of the dispute. (Cf. *Holker* v. *Parker*, 7 Cranch, 436; *Tilton* v. *U. S. Life Ins. Co.*, 8 Daly, 84.) That may be true where arbitration is an accepted method of trying issues and may result in a judgment. This court has, however, said, though the statement was only a dictum, that " an attorney at law cannot bind his client by a submission to arbitration." (*McPherson* v. *Cox*, 86 N. Y. 472, 478.) In this State the statute provides for a formal submission to arbitration only by writing " duly acknowledged or

proved, and certified, in like manner as a deed to be recorded." (Civ. Prac. Act, § 1449.) Certainly an attorney has no implied power to make such submission. True, there may also be a common-law submission without such formalities, but there is no provision for the entry of a judgment upon the award made on a common-law submission. In retaining an attorney to prosecute or defend an action, a client may hardly be presumed to have intended to vest the attorney with authority to remove the controversy from the courts into a forum of his own creation. (Cf. 2 Mechem on Law of Agency, § 2162, note 51; *Morrison Stores Co.* v. *Duncan*, 110 W. Va. 289; *King* v. *King*, 104 La. 420; *Daniels* v. *City of New London*, 58 Conn. 156; *McGinnis* v. *Curry*, 13 W. Va. 29.) Certainly, where a surety has given an undertaking conditioned for the payment of a judgment rendered against property for the enforcement of a lien, a retainer to defend an action brought for the enforcement of the lien does not by reasonable intendment include authority to consent to an arbitration under the Arbitration Law, in which a judgment for the payment of money might be entered on an award, but no judgment for the enforcement of a lien.

In this case, however, there is more than a mere retainer to defend the action brought to enforce the lien. The answer verified by an officer of the surety company " claims the right to submit the questions in dispute herein to arbitration." The surety had no such right. The questions in dispute were, it is plain, the issues in the action. At most, the surety had the right to demand that the action be stayed until the owner's right to compel arbitration of disputes arising under the contract between the owner and contractor was given effect. Though the claim by the surety of a " right to submit the questions in dispute herein to arbitration " was without any foundation in law, it was nevertheless a claim which the surety's attorney was authorized to urge, and which the plaintiff

in the action was required to meet. The plaintiff met the claim by acceding to it. The surety cannot now urge that the attorney at law had no authority to make such claim. The surety gave such authority when it verified the answer.

The subsequent arbitration proceedings were merely steps in giving effect to the claim made through its attorney by the surety. Implied in the authority to make the claim is the authority to take these steps. The other parties to the action and the court had no reason to question authority so clearly bestowed. When the attorney appeared for the surety and made stipulations ostensibly in behalf of the surety not only for the conduct of the arbitration but for an award determining *all questions in dispute,* he acted under authority which the surety company in its answer in the lien action had apparently conferred upon him. After an award was made against the surety company, it is too late for the surety to withdraw its invitation to the other litigants to submit the questions in dispute to arbitration.

The statutes provide for the entry of a judgment upon an award only where there is a statutory submission in accordance with the provisions of article 84 of the Civil Practice Act, or a contract which falls within the scope of the Arbitration Law. Here the surety was not a party to such submission or contract. The proceedings for arbitration were properly brought under the Arbitration Law against the owner who was a party to a contract within the scope of that law. The surety in its answer in the lien action claimed the right to be made a party to such arbitration. Through its attorney, retained to advance that claim, it consented to the entry of judgment. The question before us is not whether parties may, by consent, confer jurisdiction upon an arbitrator to grant a judgment for the enforcement of a lien on real property. The question here presented is whether a party which has given a bond conditioned for the payment of such a

judgment may by appearance and consent become a party to a proceeding for the arbitration of the question in dispute in which a personal judgment can be entered against it. The answer to that question seems clear.

When the questions in dispute between parties are determined, only formal technicalities must be disposed of before judgment upon the bond could be entered. The surety chose to waive them when it claimed the right to submit the questions in dispute to arbitration in accordance with the Arbitration Law. The court in those proceedings and the umpire appointed by the court obtained jurisdiction of the person of the surety through the surety's consent. Judgment upon the award might then be entered in accordance with the statute against all the parties to that proceeding, even though without such consent the surety could not have been made a party thereto. Having acquired jurisdiction of arbitration proceedings, and the person of the surety, the inclusion in the order, *by consent* of the surety, of a provision for arbitration of questions in dispute which would not be subject to compulsory arbitration, was also within the jurisdiction of the court. That is true, at least, where such questions are intertwined with questions upon which arbitration may be compelled and must be decided before a money judgment could be rendered.

There is nothing in this record to show that the umpire failed to decide every dispute between the parties when he rendered his award. After decision against it in a forum to which it appealed, the surety company claims that it was never subject to the jurisdiction of that forum. That it may not do.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Ordered accordingly.