513 P.2d 1062 (1973)
In the Matter of the Application for Water Rights of John T. OXLEY and Mills E. Bunger, in the Gunnison and Arkansas Rivers: Tributaries: Anthracite, Crystal and Roaring Fork, in Gunnison County.
Mills E. BUNGER, Applicant-Appellant,
v.
COLORADO RIVER WATER CONSERVATION DISTRICT, et al., Opponents-Appellees.
No. 25741.
Supreme Court of Colorado, En Banc.
July 9, 1973.
Rehearing Denied September 17, 1973.
*1063 Henry, Cockrell, Quinn & Creighton, Benjamin L. Craig, Peter J. Wiebe, Jr., Denver, for applicant-appellant.
Delaney & Balcomb, Scott M. Balcomb, Glenwood Springs, for opponent-appellee Colo. River Water Conservation Dist.
R. A. Santarelli, Gunnison, for opponents-appellees City of Gunnison, Colo., and the County of Gunnison, Colo.
Seraphine, Bratton & Alexander, L. Richard Bratton, Gunnison, for opponents-appellees Upper Gunnison River Water Conservancy Dist., Gunnison County Chamber of Commerce, Gunnison Soil Conservation Dist., Cimarron Canal & Reservoir Co., Bostwick Park Water Conservancy Dist.
Gorsuch, Kirgis, Campbell, Walker & Grover, Terry Nobel Fiske, Denver, for opponent-appellee Atlantic Richfield Co.
Klingsmith & Russell, Dorothy F. Nuttall, Gunnison, for opponents-appellees Sammons Land & Cattle Co., Hubert Wright, Burton Wright, Robert B. Willey, Ruth L. Willey, Powderhorn 4-H Club, Upper Gunnison Water Protection Authority, Town of Lake City, Colo., Dos Rios Ranches, Inc., Stephenson, Inc., Raleigh E. Flick, John Flick, Mitchell Ranch Co., R. I. Vader & Sons, Inc., Taramarcaz Ranch, F. Lynn French, Kenneth Newbury, Fred Glass, Town of Crested Butte, Colo., Crested Butte Water & Sanitation Dist., The Corp. of The Rocky Mountain Biological Laboratory at Gothic, Board of *1064 County Commissioners of the County of Gunnison, Colo.
DAY, Justice.
This is an appeal from a judgment and decree denying appellant's application for water rights entered by the Water Court for water division No. 4.
Applicant-appellant Mills E. Bunger, hereinafter referred to as Bunger or appellant, together with one John T. Oxley, filed eleven applications for the determination of water rights pursuant to 1971 Perm.Supp., C.R.S.1963, XXX-XX-XX. Statements of opposition to the applications were filed by various owners of water rights within the water division No. 4. On March 14, 1972, a hearing was held before the Water Referee. The referee made findings and denied the applications on June 25, 1972, and appellants Bunger and Oxley were notified by certified mail by the water clerk. 1971 Perm.Supp., C.R.S. 1963, XXX-XX-XX.
On July 3, 1972, eight days after the denial of the applications by the referee, Bunger mailed a letter to the water clerk, which stated: "I am protesting the ruling of the Water Referee on the above captioned case, and the details of my reasons will follow later." (Emphasis added.) Not tendered with the letter was the filing fee of twenty dollars provided in 1971 Perm.Supp., C.R.S.1963, XXX-XX-XX(2). On July 25, 1972, thirty days after the denial of the applications, Bunger submitted the detailed statements of protest referred to in his earlier letter. Previously, upon the expiration of twenty days from the referee's denial of the applications, the water judge had on July 18 entered judgment and decree affirming the water referee's denial of the applications. The water judge ruled that Bunger's letter of July 3 did not constitute a protest within the meaning of section 148-21-20(2), supra. Bunger's detailed letter of July 25, 1972, was considered by the water judge as a motion for a new trial, which was denied on August 17, 1972.
Bunger's appeal to this court raises numerous issues which are principally directed to alleged irregularities committed by the referee and water judge. We do not reach any of these issues since we uphold the ruling that Bunger did not file a proper protest.
The applicable statute, section 148-21-20(2), supra, sets forth the following procedure for protesting a denial or grant of an application:
"(2) Within twenty days after the date of mailing thereof any person who wishes to protest a ruling of the referee shall file a written protest with the water clerk and a copy thereof with the referee. Such protest shall clearly identify the ruling being contested and shall state the factual and legal grounds for the protest. Promptly after the same is filed, a copy of such protest shall be sent by the water clerk by certified or registered mail to the applicant or applicants and to persons who have filed statements of opposition, except that no copy need be sent to the protestant. Upon filing of such a protest, the protestant shall pay a filing fee of twenty dollars plus an additional amount which is sufficient to cover the costs of mailing the copies thereof as required in this subsection (2)." (Emphasis added.)
Special statutory procedures supersede the Colorado Rules of Civil Procedure and must be followed. Therefore, a protest, to be validly before the court, must be accompanied by a filing fee of twenty dollars, must specifically identify the rulings being contested, and must enumerate factual and legal grounds for the protest. Bunger's letter of July 3, 1972, in no way satisfied those requirements. The court properly held the letter could not be considered a proper protest within the meaning of the statute.
Appellant argues that the detailed protest of July 25, 1972, read in conjunction with the earlier letter of July 3, 1972, satisfies the statute. We disagree. There is nothing in the statute which supports appellant's *1065 argument that the two should be read together. The second attempted protest was filed thirty days after the denial of the application, in direct contravention of the statutory requirement that it be filed within twenty days. There is no provision for extension of the time limit for filing, no reference whatsoever to amended filings, no language allowing waiver of the mandatory filing fee, and nothing in the statute from which it can be inferred that late filings may relate back to a previous defective protest.
The judgment is affirmed.
LEE, J., dissents.