WATSON, Judge.
This is an appeal from a judgment in favor of plaintiff on a petition to homologate and confirm an arbitration award.
We find that the trial court has accurately stated the facts, concisely framed the issues, and correctly decided the questions involved. Therefore, we will quote with approval the opinion of the trial court with certain additional observations concerning the third issue:
“A dispute arose between two members of the Greater Calcasieu Board of Realtors, Inc. over a real estate sales commission. In accordance with the by-laws of the Greater Calcasieu Board of Realtors, Inc., the dispute was submitted to arbitration. An arbitration hearing was held on April 11, 1973, before the Professional Standards Committee of the organization, which rendered an award in favor of the plaintiff in this suit, Guillory Real Estate, Inc., and against the defendants, Lorris M. Ward and Barbara M. Ward, d/b/a Ward Real Estate and Insurance Agency.
“Defendants had been paid the commission of $5,000.00, and the arbitration board *855 held that plaintiff herein was entitled to one-half thereof. The decision of the arbitration board not having been complied with, plaintiff filed this suit to homologate the arbitration award and to have the award made the judgment of this court.
“There are no factual disputes. The pertinent facts will be discussed in connection with the discussion of the respective issues.
“Defendants seek to have the arbitration award vacated and set aside under the authority granted to the court to do so by the provisions of R.S. 9:4210D when the arbitrators ‘so imperfectly’ execute their powers that a mutual, final, and definite award upon the subject matter submitted is not made.
“Defendants urge three bases for their contention that the arbitrators executed their powers ‘so imperfectly’ that the award cannot stand. These three grounds are:
1) All of the arbitrators did not sign the award.
2) The chairman of the arbitration committee who administered the oaths to the witnesses, lacked the legal capacity to administer the oaths, and accordingly, the witnesses were not sworn.
3) No oath was administered to the arbitrators to render their award with integrity and impartiality.
FAILURE OF ARBITRATORS TO SIGN AWARD
“A provision of the Louisiana Arbitration Law, R.S. 9:4208, states that ‘the award shall be in writing and shall be signed by the arbitrators or by a majority of them.’ The Board rendered its decision in writing in the form of a letter dated April 20, 1973, addressed to both parties. However, the letter was signed by only one of the three arbitrators, Mike D. Bono, Chairman. A second letter dated May 17, 1973, addressed to both parties, and signed by all three arbitrators, Mike D. Bono, Jules E. Guglielmo, Sr., and Robert F. Pierce, contains in part the following language :
‘This letter is signed by all members of the arbitration board, is a ratification, out of an abundance of caution, of the letter of April 20, 1973, which letter accurately reflects the findings of all of the undersigned board members.’
“Defendants contend that once the arbitrators have rendered their award, their powers as arbitrators cease. Accordingly, they contend that the arbitrators’ powers ceased prior to May 17, 1973, presumably on April 20, 1973, and they were powerless to sign the letter of ratification.
“The court must reject this argument as being without merit. The arbitrators surely retained their authority at least until their decision had been legally and properly rendered. If the decision as announced in the letter of April 20 was imperfectly rendered because of only one of the arbitrators having signed it, it was perfected on May 17, and the arbitrators retained their authority to so perfect the rendition of their award. While it may be that the award was ineffective prior to May 17, it became effective on that date.
“The purpose of the enactment of R.S. 9:4208 has been accomplished.
“INVALIDITY OF THE WITNESSES’ OATHS
“Each of the witnesses was sworn by the committee chairman, Mike D. Bono. Mr. Bono is not a notary public, public office holder, commissioner, or other person specifically authorized by statute to administer oaths. For this reason, defendants attack the validity of the oaths administered by Mr. Bono. They did not do so at the arbitration hearing.
“The Louisiana Arbitration Law encourages the use of arbitration agreements and recognizes their validity.
*856 “The by-laws of the Greater Calcasieu Board of Realtors, Inc., contains provisions for the arbitration of disputes between members of the organization. The parties hereto agreed to submit their dispute to arbitration in accordance with the by-laws of the organization.
“Section 7 of Article VII of the bylaws contains the following provision:
‘Witnesses shall be sworn by the chairman.’
“The agreement being valid and the witnesses having been sworn in accordance with the agreement' the witnesses were validly sworn.
“LACK OF ADMINISTRATION OF OATH TO ARBITRATORS
“No oath was administered by a judge or justice of the peace to the arbitrators to render their award with integrity and impartiality.
“Defendants rely upon the provisions of Civil Code Article 3111 which requires the arbitrators to be sworn, and several cases basing their decisions on this Article. However, this codal article was written and these cited cases were decided before the enactment of the Louisiana Arbitration Law by Act 262 of 1.928 and Act 377 of 1948, now appearing as R.S. 9:4201-4217.”
“R.S. 9:4204, which deals with the appointment of arbitrators, makes no requirement that the arbitrators be sworn. It provides ‘If, in the agreement, provision is made for a method of naming or appointing an arbitrator or arbitrators or an umpire, this method shall be followed . .’
“Article 7 of the by-laws of the Greater Calcasieu Board of Realtors, Inc. provides for the appointment by the president, subject to confirmation by the board of directors, of a Professional Standards Committee, consisting of three persons, with authority to act as an arbitration board to hear and decide business disputes between members. Bono, Guglielmo, and Pierce are the three members of the Professional Standards Committee. They having been appointed arbitrators in the method provided for .in the agreement, and the agreement being valid under the provisions of R.S. 9:4201, they were legally appointed as arbitrators, with nothing further being legally required of them to act, including the taking of an oath.
“Since the adoption of the Louisiana Arbitration Law, compliance with its provisions is sufficient, notwithstanding the provisions of previously adopted Civil Code articles relating to the same subject matter.”

The Civil Code Article which defendants contend require the arbitrators to take an oath reads as follows:
“Art. 3111. Before examining the difference to them submitted, the arbitrators ought to take an oath before a judge or justice of the peace, to render their award with integrity and impartiality in the cause which is laid before them.”
It is significant, in our opinion that the article uses the permissive word “ought” rather than the mandatory word “shall”. The jurisprudence, in certain early cases has interpreted this article to be mandatory. See, for example, Overton v. Alpha, 13 La.Ann. 558 (1858); King v. King, 104 La. 420, 29 So. 205 (1901). One very early case, Talcott v. McKibben, 2 Mart. (O. S.) 298 (1812), seems to hold the contrary, that is, that the taking of an oath by the arbitrators is not sacramental, although we must recognize that this case has been questioned in later decisions. E. V. Benjamin Co. v. Royal Mfg. Co., 172 La. 965, 136 So. 19 (1931).
However, we agree with the analysis by the trial court which holds that LSA-R.S. 9:4204, enacted as part of Act 377 of 1948 had the effect of modifying, but not repealing, the provisions of the Civil Code. We think counsel for defend *857 ants is incorrect in his argument that the trial court held that the statutes enacted in 1948 repealed the articles of the Civil Code. We agree further with the trial court that the arbitrators in this case were legally appointed under the provisions of the statute with nothing further being required of them to act, including no necessity for taking an oath. In addition to this reasoning, we would observe that the clear wording of the Civil Code Article, which defendants contend requires an oath, levels only a requirement permissive, and not mandatory, in nature. We think that the clear language of the article would prevail regardless of the later jurisprudence.
For the reasons stated above, we are of the opinion that the judgment of the trial court is correct and that it should be affirmed.
Costs of the appeal are taxed against appellants.
Affirmed.
DOMENGEAUX, J., dissents and assigns written reasons.