**In the Matter of the Arbitration between David SALTER, Appellant,**

v.

**Sylvester FARNER, Donald Farner, William Farner and Leo Younger, Appellees.**

No. 79CA1124.

Colorado Court of Appeals, Div. I.

May 13, 1982.

Rehearing Denied June 17, 1982.

Certiorari Denied Nov. 8, 1982.

Arkin, McGloin & Davenport, P.C., Gary C. Davenport, Denver, for appellant.

Vernon K. Sessions, Bill Myers, Denver, for appellees.

SMITH, Judge.

David Salter appeals the court's refusal to vacate an arbitration award granted the Farners. We affirm.

In 1975, Salter purchased the stock in Rocky Mountain Sales and Services, Inc., from the Farners and Younger (the Farners), signing a promissory note for the balance of the sales price. When Salter defaulted on the note, the Farners brought suit. Salter answered and filed a separate

suit alleging misrepresentation and breach of contract in connection with the sale of the business. The two actions were consolidated by agreement of the parties, and the case was set for trial. Just prior to trial, the parties entered into an arbitration agreement staying the proceedings in court, and agreeing that the entire dispute should be submitted to binding arbitration. Each party submitted materials to the arbitrators; however, neither included an oath form, and the aribtrators did not take an oath as set out in C.R.C.P. 109(c) before beginning their deliberations.

The arbitrators rendered their award on November 16, 1978. It was not until December 14, 1978, that the matter of oath taking was first raised. Thereafter, Salter filed an application to vacate the award while the Farners filed their motion asking the court to confirm it under the statute. Section 13–22–201, et seq., C.R.S.1973. After a hearing, the trial court confirmed the award and this appeal followed.

Salter takes the position that the court erred in affirming the award since the arbitrators failed to take an oath before commencing their deliberations. It is his contention that C.R.C.P. 109(c) mandates the taking of an oath and that the failure of the arbitrators to do so is fatal to the validity of their proceedings and award. We do not agree.

The parties' arbitration was conducted pursuant to, and in accordance with, the Uniform Arbitration Act of 1975, § 13–22–201 et seq., C.R.S.1973. The taking of an oath prior to commencing deliberations is not required by the hearing procedures set forth in § 13–22–207, C.R.S.1973.

The Act mandates judicial confirmation of the award *unless* specified statutory grounds for vacation or modification are found. Section 13–22–213, C.R.S.1973; *Judd v. Evans,* Colo., 642 P.2d 922 (1982). Failure of arbitrators to take an oath prior to commencing their deliberations is not one of the statutory grounds for vacation or modification. Section 13–22–214, C.R.S. 1973.

While no Colorado court has dealt directly with the issue raised here, the federal bankruptcy court in Colorado has held that Colorado's statutory grounds for the vacation of an arbitration award override or supersede any inconsistent grounds established by C.R.C.P. 109. *Copper Mountain, Inc. v. Project Oneco, Inc.,* 3 B.R. 284 (Bkrtcy.D.Colo.1980); *see Atencio v. Mid-Century Insurance Co.,* Colo.App., 619 P.2d 784 (1980). *See also In re Oxley,* 182 Colo. 206, 513 P.2d 1062 (1973). Here, the pre-existing rule requires an oath while the statute does not. When faced with essentially the same situation, involving a similar rule and statute, the Louisiana Court of Appeals found that the failure of the arbitrators to take an oath did not invalidate the award when the statutory procedures had been complied with. *Guillory Real Estate v. Ward,* 296 So.2d 853 (La.App.1974).

Moreover, procedures set forth in a valid agreement control the nature of the arbitration. *Water Works Employers Local No. 1045 v. Board of Water Works,* Colo.App., 615 P.2d 52 (1980). Here, the parties' agreement did not call for oath taking, nor did the parties provide the arbitrators with a form of oath. When this issue was raised in an arbitration arising out of multi-state collective bargaining agreement, a federal court upheld an award holding that the silence of the agreement on this issue of an oath was controlling despite the fact that the arbitrator was not sworn as required by state statute. *Truck Drivers Local Union No. 671 v. United Parcel Service, Inc.,* 526 F.Supp. 1044 (D.Conn.1981). We are thus persuaded that the failure of the arbitrators to take an oath does not invalidate proceedings which comply with the requirement of both the Uniform Act and the agreement. Accordingly, we reject Salter's contention that the award should have been vacated on this ground.

Salter also complains of certain irregularities in connection with his motions for vacation and new trial. The court heard oral arguments on both motions and even questioned Salter himself at the second hearing. Our examination of the record reveals that Salter did not raise any of the statutory

grounds that would permit the court to vacate the arbitrators' award. Because the trial court was offered nothing meeting the statutory grounds for vacation, it was obligated to confirm the award. *Judd v. Evans, supra.*

Finally, Salter's general assertion—that the trial court abused its discretion in confirming the award—is without merit. *Columbine Valley Construction Co. v. Board of Directors,* Colo., 626 P.2d 686 (1981).

On cross-appeal, the Farners assert that they are entitled to attorneys' fees pursuant to § 13–17–101,˙ et seq., C.R.S.1973, contending that *Water Works Employees Local No. 1045 v. Board of Water Works, supra,* disposed of the issues presented on this appeal, and that Salter's appeal is frivolous. The Farners' contention is without merit, and we decline to award attorneys' fees pursuant to the above-cited statute.

Judgment affirmed.

COYTE and PIERCE, JJ., concur.